869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JAMES BERRY COMPANY, INC., Plaintiff-Appellant,
v.
ENERGYWAVE CORPORATION, f/d/b/a Ziebarth Corporation;
Richard Ziebarth, Defendants-Appellees.
FLORENCE PEPSI PROPERTIES, INC., Plaintiff-Appellant,
v.
ENERGYWAVE CORPORATION, f/d/b/a Ziebarth Corporation;
Richard Ziebarth, Defendants-Appellees.
 Nos. 88-1522, 88-1523.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 10, 1989.
Decided: Feb. 6, 1989.
 
 Edward W. Laney, IV (Ronald E. Boston, Turner, Padget, Graham & Laney, P.A., on brief), for appellants.
 James W. Alford, Robert E. Salane (Barnes, Alford, Stork & Johnson, on brief), for appellees.
 Before WILKINS, Circuit Judge, BUTZNER, Senior Circuit Judge, and J. FREDERICK MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 James Berry Company, Inc. and Florence Pepsi Properties, Inc. (Plaintiffs) appeal from the denial of a new trial on their claims against Energywave Corporation and its president, Richard Ziebarth, for negligence and unfair trade practices arising from the sale of allegedly defective roofing systems. We affirm.
 
 
 2
 Energywave manufactures and distributes roofing materials. Ziebarth, acting for his corporation, represented to Plaintiffs, the owners of motels in South Carolina, that Energywave's products would be suitable for installation on the flat roofs of their motels. Based on these representations, Plaintiffs purchased Energywave roofing systems. Within one year of installation, the roofs deteriorated and began to leak, causing interior damage and ultimately requiring replacement.
 
 
 3
 Plaintiffs initiated actions against Energywave and Ziebarth, personally, asserting contract claims for breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and breach of express warranty. They also asserted claims for negligence and violation of the South Carolina Unfair Trade Practices Act, S.C.Code Ann. Secs. 39-5-10, et seq. (Law.Co-op.1985).
 
 
 4
 At trial the district court directed verdicts for Energywave on the negligence and unfair trade practices claims and for Ziebarth on all claims. The jury returned verdicts for Plaintiffs on the breach of warranty claims for the cost of the roofing systems and repairs. The district court entered judgments on the jury verdicts and denied Plaintiffs' post-trial motions for a new trial. Defendants do not appeal from these verdicts.
 
 
 5
 Plaintiffs seek affirmance of these judgments and a new trial only on the negligence and unfair trade practices claims against Energywave and Ziebarth. They do not seek a new trial on all issues and counsel for all parties made clear at oral argument that an affirmance of the district court was appropriate unless the specific relief sought would be granted.
 
 
 6
 We need not address the propriety of the directed verdicts for the issues in each claim are so "inextricably intertwined" that a new trial on all claims would be necessary if in fact a new trial were granted. Carrigg v. Blue, 283 S.C. 494, 500, 323 S.E.2d 787, 790 (S.C.Ct.App.1984). Consequently, the judgment is affirmed.
 
 
 7
 AFFIRMED.